**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| TRAVIS FLORIO, Individually and on behalf of all others similarly situated,<br><br>             Plaintiff,<br><br>v.<br><br>GOLDMAN SACHS GROUP INC. and MORGAN STANLEY,<br><br>             Defendants. | Case No.: 1:21-cv-08618-PAC<br><br>Hon. Paul A. Crotty |

**MEMORANDUM OF LAW IN SUPPORT OF THE GAOTU INVESTOR GROUP'S**
**MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND**
**APPROVAL OF SELECTION OF COUNSEL**

## <u>TABLE OF CONTENTS</u>

<u>**Page**</u>

I.     FACTUAL BACKGROUND ..................................................................................... 2

II.    PROCEDURAL HISTORY ..................................................................................... 5

III.   ARGUMENT .......................................................................................................... 5

    A.   Appointing the Gaotu Investor Group as Lead Plaintiff Is Appropriate ......................... 5

        1.   The Gaotu Investor Group Filed a Timely Motion. ..................................... 6

        2.   The Gaotu Investor Group Has the Largest Financial Interest in the Relief
Sought. .............................................................................................................. 7

        3.   The Gaotu Investor Group Satisfies the Relevant Requirements of Rule 23. ............. 8

            a.   The Gaotu Investor Group's Claims Are Typical. .............................................. 8

            b.   The Gaotu Investor Group Is An Adequate Representative. .............................. 9

    B.   Approving Lead Plaintiff's Choice of Counsel Is Appropriate. ................................... 10

IV.    CONCLUSION ..................................................................................................... 11

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Brady v. Top Ships Inc.*,
  324 F. Supp. 3d 335 (E.D.N.Y. 2018) ............................................................... 6, 7

*In re Cendant Corp.*,
  264 F.3d 201 (3d Cir. 2001).................................................................................. 10

*City of Monroe Emps.' Ret. Sys. v. Hartford Fin. Servs. Grp.*,
  269 F.R.D. 291 (S.D.N.Y. 2010) ............................................................................ 9

*In re Coinbase Global Securities Litigation*,
  No. 3:21-cv-05634-VC, Dkt. No. 87 (N.D. Cal. Nov. 5, 2021) ........................... 10

*Deinnocentis v. Dropbox, Inc.*,
  2020 U.S.  Dist. LEXIS 8680 (N.D. Cal. Jan. 16, 2020)...................................... 11

*Ford v. VOXX Int'l Corp.*,
  No. 14-cv-4183-JS-AYS, 2015 U.S. Dist. LEXIS 92705 (E.D.N.Y. Apr. 13, 2015).............. 8

*In re Gentiva Sec. Litig.*,
  281 F.R.D. 108 (E.D.N.Y. 2012) ............................................................................ 8

*Kuriakose v. Fed. Home Loan Mortg. Co.*,
  No. 1:08-cv-7281-JFK, 2008 WL 4974839 (S.D.N.Y. Nov. 24, 2008) .................................. 8

*Nickerson v. American Electric Power Company, Inc., et al.*,
  No. 2:20-cv-04243-SDM-EPD, (S.D. Ohio Nov. 24, 2020) .................................. 11

*Snyder v. Baozun Inc.*,
  2020 U.S. Dist. LEXIS 163967 (S.D.N.Y. Sept. 8, 2020).................................... 11

*Subramanian v. Watford, et. al.*,
  2021 U.S. Dist. LEXIS 81823 (D. Colo. April 29, 2021)...................................... 10

*In re Turquoise Hill Res. Ltd.*,
  No. 20-cv-8585 (LJL), 2021 U.S. Dist. LEXIS 8840 (S.D.N.Y. Jan. 15, 2021) .................... 6

*Waterford Twp. Police & Fire Ret. Sys. v. Smithtown Bancorp, Inc.*,
  No. 10-cv-00864-SLT, 2011 U.S. Dist. LEXIS 88552 (E.D.N.Y. May 31, 2011)................. 9

*White Pine Invs. v. CVR Ref.*,
  2021 U.S. Dist. LEXIS 1199 (S.D.N.Y. Jan. 5, 2021)........................................... 10

**Statutes**

15 U.S.C. § 78u-4 ..................................................................................... *passim*

**Rules**

Fᴇᴅ. R. Cɪᴠ. P. 23 ................................................................................................ 1, 6, 8

Yichuan Zheng, Peter Jiang, and Chun Kian Lim (the "Gaotu Investor Group" or "Movant") respectfully submits this memorandum of law in support of its motion ("Motion") to appoint it as lead plaintiff and approve its selection of Levi & Korsinsky, LLP ("Levi & Korsinsky") as Lead Counsel pursuant to Section 21D of the Securities Exchange Act of 1934, as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), on behalf all those investors who purchased or otherwise acquired Gaotu Techedu Inc., formerly known as GSX Techedu Inc. ("Gaotu" or the "Company") shares contemporaneously with the unlawful trades by Goldman Sachs Group Inc. ("Goldman Sachs") and Morgan Stanley ("Morgan Stanley") (collectively, "Defendants") from March 22, 2021 through and including March 29, 2021 (the "Class" who purchased during the "Class Period"), concerning claims under Sections 20A, 10(b), and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78t-1, 78j(b), and 78t(a), against Defendants Goldman Sachs and Morgan Stanley (collectively, "Defendants").

Pursuant to the PSLRA, the person or group of persons with the largest financial interest in the relief sought by the Class who also satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure are presumed to be the "most adequate" plaintiff—*i.e.*, the plaintiff most capable of adequately representing the interests of Class members. The PSLRA provides that the Court shall appoint the most adequate movant as lead plaintiff. The Gaotu Investor Group believes that it is the "most adequate" movant, as defined by the PSLRA, and should be appointed lead plaintiff based on the substantial financial losses it suffered as a result of defendants' wrongful conduct as alleged in this litigation. Moreover, the Gaotu Investor Group satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure, as its claims are typical of other Class members' claims and it will fairly and adequately represent the interests of the Class. In addition, the Gaotu Investor Group's selection of Levi & Korsinsky as Lead Counsel should be

approved because the firm has substantial experience in securities class action litigation and the experience and resources to efficiently prosecute the Action.

## I.    FACTUAL BACKGROUND[1]

Goldman Sachs is a global financial services institution. Goldman Sachs served as one of Archegos' prime brokers, helping it make trades and lending it capital in the form of margin lending. ¶ 12. They maintain its headquarters at 200 West Street, New York, New York 10282 and are incorporated under the laws of Delaware. *Id.*

Morgan Stanley is a global financial services institution which served as one of Archegos' prime brokers, helping it make trades and lending it capital in the form of margin lending. ¶ 13. They maintain its headquarters at 1585 Broadway, New York, New York 10036 and incorporated under the laws of Delaware. *Id.*

Archegos, a family office investment fund, was founded and run by Sung Kook (a.k.a. Bill) Hwang ("Hwang"), a former portfolio manager of Tiger Asia Management, a hedge fund he also founded. ¶ 14. Archegos described itself as focused on public stocks in the U.S., China, Japan, South Korea, and Europe. Its assets of approximately $10 billion included the likes of ViacomCBS Inc. ("ViacomCBS"), Vipshop Holdings Ltd., Discovery Inc., Farfetch Ltd., Tencent Music Entertainment Group, Baidu Inc. ("Baidu"), IQIYI Inc., and, of particular relevance here, Gaotu. ¶ 17.

Archegos took big, concentrated positions in these companies through financial instruments called "total return swaps," whereby the underlying securities (stocks) are held by

---

[1] Citations to "¶ __" are to paragraphs of the Class Action Complaint (the "*Florio* Complaint") filed in the action styled *Florio v. Goldman Sachs Group Inc., et. al.,* Case No. 1:21-cv-08618-PAC (the "*Florio* Action"). Unless otherwise defined, capitalized terms shall have the same meaning set forth in the *Florio* Complaint. The facts set forth in the *Florio* Complaint are incorporated herein by reference.

banks that broker the investments. ¶ 18. The swaps allow investors such as Archegos, to bet on stock price moves, often with high levels of leverage, without owning the underlying securities. *Id.* Instead, banks buy and hold the stocks and give the fund a performance-related return. *Id.* The fund secures the trades by giving the bank collateral, such as cash or equities. *Id.*

Hwang's swaps strategy began backfiring in March as the stock price of companies in which Archegos had significant exposure, including Baidu, which saw its shares decreasing in value more than 20% from its February highs, and Farfetch, which experienced a 15% decline, began to sell off. ¶ 22.

However, it was ViacomCBS's March 23, 2021 announcement that ultimately swept out the rug from under Archegos. ¶ 23. On that day, in what was perceived to be an effort to take advantage of its meteoric stock price rally, ViacomCBS announced a new $3 billion offering to help fund investments in its streaming service, Paramount+, which had launched earlier in the month. *Id.*

Unfortunately, not all were convinced that ViacomCBS deserved such a lofty valuation. ¶ 26. For example, on March 25, 2021, MoffettNathanson, one of Wall Street's most influential research firms, published a report questioning the company's value, downgrading the stock to a "sell," and setting a price target of only $55 per share, compared to the company's $85 offer. *Id.* "We never, ever thought we would see Viacom[CBS] trading close to $100 per share," read the report, which was written by Michael Nathanson, a co-founder of the firm. *Id.* "Obviously, neither did ViacomCBS's management," it continued, citing the new stock offering. *Id.*

In the wake of that report, ViacomCBS's stock cratered, losing more than half its value in less than a week. ¶ 27. Indeed, by the close of trading on Friday, March 26, 2021, ViacomCBS was worth $48 per share. *Id.*

This proved to be extremely problematic for Archegos, which had traded ViacomCBS on margin (i.e., with borrowed money). ¶ 28. Because Archegos had to maintain a certain amount of collateral to satisfy its lenders, and since the value of ViacomCBS stock drastically declined, Archegos needed enough collateral to cover, or else a margin call (where the lender can force a sell-off of the stock to bring the investor back into compliance with margin requirements), could be triggered. *Id.*

It was reported on March 27, 2021 that Archegos failed to cover and, as a result, had to liquidate more than $20 billion of its leveraged equity positions on Friday, March 26, 2021. ¶ 29.

Archegos' fallout received wide media coverage in the days and weeks following the firm's remarkable liquidation for a number of reasons, including the fact that it dragged some of the world's most esteemed financial institutions into the mud alongside it. ¶ 30.

On March 26, 2021, Credit Suisse, for example, began liquidating billions of dollars' worth of shares that Archegos had swap positions on, at fire sale prices. ¶ 31. By the time Credit Suisse tried to liquidate its own holdings of stocks underlying Archegos' sway contracts over the ensuing weekend, prices had already collapsed, and Credit Suisse quickly racked up billions of dollars in losses. *Id.*

The same cannot be said for Defendants. ¶ 32. According to media reports, for example, Morgan Stanley sold about $5 billion in shares of Archegos' doomed bets late Thursday, March 25, before the Archegos story reached the public. *Id.* This revelation was captured in an article published on CNBC.com, on April 6, 2021. *Id.*

As a result of these sales, which were made with confidential, insider information, including that Gaotu was among the few securities Archegos had to liquidate, Defendants Goldman Sachs and Morgan Stanley avoided billions in losses combined. ¶ 33.

## II.     PROCEDURAL HISTORY

Pending before this Court is the above-captioned *Florio* Action against the Defendants. Plaintiff Travis Florio ("Florio") commenced the first-filed action on October 20, 2021. On that same day, counsel acting on Florio's behalf published a notice on *Globe Newswire* announcing that a securities class action had been initiated against the Defendants. *See* Exhibit C ("Press Release") to the Declaration of Adam M. Apton in Support of the Gaotu Investor Group's Motion ("Apton Decl.").

## III.     ARGUMENT

### A.     Appointing the Gaotu Investor Group as Lead Plaintiff Is Appropriate

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of: (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" — *i.e.*, the plaintiffs most capable of adequately representing the interests of the Class — is the class member or group of class members that:

> (aa) has either filed the complaint or made a motion in response to a notice. . .
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii).

The presumption "may be rebutted only upon proof by a purported member of the plaintiff class that the presumptively most adequate plaintiff—

> (aa) will not fairly and adequately protect the interest of the class; or
>
> (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class."

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

As set forth below, the Gaotu Investor Group satisfies the forgoing criteria and has complied with all of the PSLRA's requirements to be appointed lead plaintiff. The Gaotu Investor Group has, to the best of its knowledge, the largest financial interest in this litigation—having lost $29,940.30 as a result of its transactions and meets the relevant requirements of Federal Rule of Civil Procedure 23. *See* Loss Chart, Ex. B to Apton Decl. In addition, the Gaotu Investor Group is not aware of any unique defenses that Defendants could raise against it that would render it inadequate to represent the Class. Accordingly, the Gaotu Investor Group respectfully submits that it should be appointed as lead plaintiff. *See Brady v. Top Ships Inc.,* 324 F. Supp. 3d 335, 350 (E.D.N.Y. 2018).

### 1.    The Gaotu Investor Group Filed a Timely Motion.

On September 16, 2021, pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), counsel for *Florio* published the Press Release on *Globe Newswire*—a widely circulated national business-oriented wire service—announcing that a securities class action had been filed against defendants herein and advising purchasers of Gaotu securities that they had 60 days from the publication of the September 16, 2021 notice to file a motion to be appointed lead plaintiff. *See* Apton Decl., Ex. C; *In re Turquoise Hill Res. Ltd.,* No. 20-cv-8585 (LJL), 2021 U.S. Dist. LEXIS 8840, at *4 (S.D.N.Y. Jan. 15, 2021) (finding that a notice published on *Globe Newswire* satisfied Rule 23).

The Gaotu Investor Group timely filed its motion within the 60-day period following publication of the September 16, 2021 Press Release and each member has submitted herewith a sworn certification attaching their transactions in Gaotu securities and attesting that they are willing to serve as representatives of the Class. *See* PSLRA Certification, Ex. A to Apton Decl. By making a timely motion in response to a PSLRA notice, the Gaotu Investor Group satisfies the first PSLRA requirement to be appointed as lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(aa).

> **2.     The Gaotu Investor Group Has the Largest Financial Interest in the Relief Sought.**

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). At the time of this filing, the Gaotu Investor Group believes that it has the largest financial interest among Class members who filed timely applications for appointment as lead plaintiff and, accordingly, is presumed to be the "most adequate plaintiff."

The Gaotu Investor Group acquired Gaotu securities at prices alleged to have been artificially inflated by Defendants' materially false and misleading statements and was injured thereby. As a result of Defendants' false statements, the Gaotu Investor Group suffered an approximate loss of $29,940.30. *See* Apton Decl., Ex. B. The Gaotu Investor Group is unaware of any other Class member claiming a larger financial interest in this matter that has filed a motion for appointment as lead plaintiff. Consequently, the Gaotu Investor Group believes that it has the "largest financial interest in the relief sought by the Class." Thus, the Gaotu Investor Group satisfies the second PSLRA requirement—the largest financial interest—and should be appointed as lead plaintiff for the Class. *See Top Ships,* 324 F. Supp. 3d at 350.

**3.**     **The Gaotu Investor Group Satisfies the Relevant Requirements of Rule 23.**

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

FED. R. CIV. P. 23(a).

In making its determination that a lead plaintiff candidate satisfies the requirements of Rule 23, typicality and adequacy are the only provisions of Rule 23 that are to be considered. *Ford v. VOXX Int'l Corp.,* No. 14-cv-4183-JS-AYS, 2015 U.S. Dist. LEXIS 92705, at *6 (E.D.N.Y. Apr. 13, 2015) (citing *In re Gentiva Sec. Litig.,* 281 F.R.D. 108, 112 (E.D.N.Y. 2012)). At the lead plaintiff stage of the litigation, the Gaotu Investor Group need only make a preliminary showing that it satisfies Rule 23's typicality and adequacy requirements. *Id*. at *6.

**a.**     **The Gaotu Investor Group's Claims Are Typical.**

The Rule 23(a) typicality requirement is satisfied when a lead plaintiff's claims arise from the same event, practice, or course of conduct that gives rise to other class members' claims, and lead plaintiff's claims are based on the same legal theory. *See Kuriakose v. Fed. Home Loan Mortg. Co.,* No. 1:08-cv-7281-JFK, 2008 WL 4974839, at *5 (S.D.N.Y. Nov. 24, 2008); Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id*.

The Gaotu Investor Group's claims are typical of the claims asserted by the proposed Class. Like all members of the Class, the Gaotu Investor Group alleges that Defendants' material misstatements and omissions concerning Gaotu's business, operational and financial results violated the federal securities laws. The Gaotu Investor Group, like all members of the Class, purchased or otherwise acquired Gaotu securities during the Class Period. *Waterford Twp. Police & Fire Ret. Sys. v. Smithtown Bancorp, Inc.*, No. 10-cv-00864-SLT, 2011 U.S. Dist. LEXIS 88552, at *12 (E.D.N.Y. May 31, 2011) (typicality satisfied where movants purchased stock at artificially inflated prices "and suffered damages as a result"). Accordingly, the Gaotu Investor Group's interests and claims are "typical" of the interests and claims of the Class.

### b.    The Gaotu Investor Group Is An Adequate Representative.

"The adequacy requirement is satisfied where: (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *City of Monroe Emps.' Ret. Sys. v. Hartford Fin. Servs. Grp.,* 269 F.R.D. 291, 297 (S.D.N.Y. 2010). The Gaotu Investor Group has demonstrated its adequacy by retaining competent and experienced counsel, Levi & Korsinsky, with the resources and expertise to efficiently prosecute the Action, and the Gaotu Investor Group's financial losses ensure that it has sufficient incentive to ensure the vigorous advocacy of the Action. *See* Apton Decl., Ex. B. The Gaotu Investor Group is not aware that any conflict exists between its claims and those asserted on behalf of the Class.

Moreover, the members of the Gaotu Investor Group have submitted a Joint Declaration, attesting to, *inter alia*, their education history, occupation, and investment experience, as well as to their understanding of the strength of this case, the responsibilities and duties of serving as a

lead plaintiff, their shared desire to obtain the best result for the Class, and the steps that they will take to supervise this litigation. *See* Joint Declaration, Ex. D to Apton Decl. Therefore, the Gaotu Investor Group will prosecute the Action vigorously on behalf of the Class.

Accordingly, the Gaotu Investor Group meets the adequacy requirement of Rule 23.

### B.      Approving Lead Plaintiff's Choice of Counsel Is Appropriate.

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *In re Cendant Corp.*, 264 F.3d 201, 274 (3d Cir. 2001). Thus, the Court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Here, the Gaotu Investor Group has selected Levi & Korsinsky to pursue this litigation on its behalf and has retained the firm as the Class' Lead Counsel in the event it is appointed as lead plaintiff. Levi & Korsinsky possesses adequate experience in securities litigation and has successfully prosecuted numerous securities class actions on behalf of injured investors, as reflected by the Firm Résumé attached to the Apton Decl. as Ex. E. Moreover, Levi & Korsinsky has often been appointed as lead counsel in similar actions in this Circuit and across the country arising under the federal securities laws on behalf of investors. *See also e.g., In re Coinbase Global Securities Litigation,* No. 3:21-cv-05634-VC, Dkt. No. 87 (N.D. Cal. Nov. 5, 2021); *Subramanian v. Watford, et. al.*, 2021 U.S. Dist. LEXIS 81823, at *10 (D. Colo. April 29, 2021) (appointing Levi & Korsinsky noting they are "qualified, experienced, and able to vigorously conduct the proposed litigation."); *Daniels Family 2001 v. Las Vegas Sands Corp.,* 2021 U.S. Dist. LEXIS 974, at *8 (D. Nev. Jan. 5, 2021) (appointing Levi & Korsinsky as lead counsel noting the firm's "extensive experience in complex securities class actions"); *White Pine Invs. v. CVR Ref.,* 2021 U.S. Dist. LEXIS 1199, at *10 (S.D.N.Y. Jan. 5, 2021) appointing Levi & Korsinsky noting "the

firm has 'extensive experience' in this area of law and is sufficiently qualified to conduct this litigation"; *Deinnocentis v. Dropbox, Inc.,* 2020 U.S. Dist. LEXIS 8680, at *13 (N.D. Cal. Jan. 16, 2020); *Snyder v. Baozun Inc.,* 2020 U.S. Dist. LEXIS 163967, at *11 (S.D.N.Y. Sept. 8, 2020) appointing Levi & Korsinsky noting the firm has "obtained numerous favorable judgments for clients in these past representations"; *Nickerson v. American Electric Power Company, Inc., et al.,* No. 2:20-cv-04243-SDM-EPD, Dkt. No. 16 (S.D. Ohio Nov. 24, 2020). Thus, the Court may rest assured that by granting the Gaotu Investor Group's motion, the Class will receive the highest caliber of legal representation possible.

## IV.   CONCLUSION

For the foregoing reasons, the Gaotu Investor Group respectfully requests that the Court grant its Motion and enter an Order: (1) appointing the Gaotu Investor Group as Lead Plaintiff, (2) approving its selection of Levi & Korsinsky as Lead Counsel for the Class, and (3) granting such other relief as the Court may deem just and proper.

Dated: December 20, 2021                         Respectfully Submitted,

                                                 **LEVI & KORSINSKY, LLP**

                                                 By: */s/ Adam M. Apton*
                                                 Adam M. Apton (AS-8383)
                                                 55 Broadway, 10th Floor
                                                 New York, NY 10006
                                                 Tel: (212) 363-7500
                                                 Fax: (212) 363-7171
                                                 Email: aapton@zlk.com

                                                 *Lead Counsel for the Gaotu Investor Group*
                                                 *and [Proposed] Lead Counsel for the Class*