**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| TRAVIS FLORIO, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>GOLDMAN SACHS GROUP INC. and MORGAN STANLEY,<br><br>Defendants. | Case No. 1:21-cv-08618-PAC |

**MEMORANDUM OF LAW IN SUPPORT OF MOVANT**
**SYED ZAHEER'S MOTION FOR APPOINTMENT AS**
<u>**LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL**</u>

## **TABLE OF CONTENTS**

| | Page |
|---|---|
| TABLE OF AUTHORITIES | ii |
| PRELIMINARY STATEMENT | 1 |
| FACTUAL BACKGROUND | 2 |
| ARGUMENT | 3 |
| I. MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF | 3 |
|     A. The PSLRA Standard for Appointing Lead Plaintiff | 3 |
|     B. Movant Is The "Most Adequate Plaintiff" | 5 |
|         1. Movant's Motion Is Timely | 5 |
|         2. Movant Has A Substantial Financial Interest | 5 |
|         3. Movant Satisfies Rule 23's Typicality and Adequacy Requirements | 6 |
|             a. Movant's Claims Are Typical of Those of the Class | 6 |
|             b. Movant Satisfies the Adequacy Requirement of Rule 23 | 7 |
| II. MOVANT'S SELECTION OF LEAD COUNSEL MERITS APPROVAL | 8 |
| CONCLUSION | 10 |

## TABLE OF AUTHORITIES

Cases                                                                                                         Page(s)

*Faig v. Bioscrip, Inc.*,
No. 13 Civ. 06922 (AJN), 2013 WL 6705045 (S.D.N.Y. Dec. 19, 2013) ...................................... 6

*In re Bear Stearns Cos., Inc. Sec., Deriv., & ERISA Litig*.
No. 08 MDL 1963 (RWS), 2009 WL 50132 (S.D.N.Y. Jan. 5, 2009) ........................................ 7

*In re Cendant Corp. Litig.*,
264 F.3d 201 (3d Cir. 2001) ................................................................................................. 8

*In re Elan Corp. Sec. Litig.*,
No. 1:08-cv-08761-AKH, 2009 WL 1321167 (S.D.N.Y. May 11, 2009) ................................. 7

*In re Third Ave. Mgmt. LLC Sec. Litig.*,
No. 16-cv-02758 (PKC), 2016 WL 2986235 (S.D.N.Y. May 13, 2016) .................................. 6

*Kemp v. Universal Am. Fin. Corp.*,
No. 05 Civ. 9883 (JFK), 2006 WL 1190691 (S.D.N.Y. May 1, 2006) ...................................... 5

*Kux-Kardos v. VimpelCom, Ltd.*,
151 F. Supp. 3d 471 (S.D.N.Y. 2016) .................................................................................. 6

*Martingano v. Am. Int'l Grp., Inc.*,
No. 06CV1625(JG)(JMA), 2006 WL 1912724 (E.D.N.Y. July 11, 2006) ............................... 4

*Micholle v. Ophthotech Corp.*,
No. 17-CV-210 (VSB), 2018 WL 1307285 (S.D.N.Y. Mar. 13, 2018) ................................. 4, 6

*Randall v. Fifth St. Fin. Corp.*,
No. 15-cv-7759 (LAK), 2016 WL 462479 (S.D.N.Y. Feb. 1, 2016) ......................................... 5

*Tan v. NIO, Inc.*,
No. 19-CV-1424 (NGG)(VMS), 2020 WL 1031489 (E.D.N.Y. Mar. 3, 2020) ........................ 6

*Waterford Twp. Police & Fire Ret. Sys. v. Smithtown Bancorp, Inc.*,
No. 10-CV-01405 (SLT)(RER), 2011 WL 3511057 (E.D.N.Y. May 31, 2011) ........................ 5

Statutes

15 U.S.C. § 78u-4(a)(1) ........................................................................................................ 4

15 U.S.C. § 78u-4(a)(3)(A)(i) ............................................................................................. 4, 5

15 U.S.C. § 78u-4(a)(3)(B) ................................................................................................ 1, 4


15 U.S.C. § 78u-4(a)(3)(B)(i) ................................................................................................. 1, 4

15 U.S.C. § 78u-4(a)(3)(B)(iii) .................................................................................................. 5

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) .............................................................................................. 4

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) ......................................................................................... 4, 8

15 U.S.C. § 78u-4(a)(3)(B)(v) ............................................................................................... 2, 8

15 U.S.C. § 78u- 4(a)(3)(B)(iii)(I) .............................................................................................. 1

15 U.S.C. §§ 78t-1, 78j(b), and 78t(a) ....................................................................................... 3

15 U.S.C. §§ 78u-4(a)(3)(A)(i)(II) & (B)(v) .............................................................................. 7

Rules

Federal Rule of Civil Procedure 23 ................................................................................... passim

Rule 23(a) ................................................................................................................................... 6

Rule 23(a)(4) .............................................................................................................................. 7

Regulations

17 C.F.R. § 240.10b-5 ................................................................................................................ 3

Other Authorities

1995 U.S.C.C.A.N. 730 ............................................................................................................. 8

H.R. Conf. Rep. No. 104-369 .................................................................................................... 8

Proposed Lead Plaintiff Syed Zaheer ("Movant") respectfully submits this Memorandum of Law pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), in support of Movant's Motion for the entry of an Order of the following: (i) appointing Movant as Lead Plaintiff on behalf of a class consisting of all persons other than Defendants who purchased or otherwise acquired the American Depositary Shares ("ADSs") of Gaotu Techedu Inc. ("Gaotu" or the "Company") during the period of March 22, 2021 through and including March 29, 2021, both dates inclusive (the "Class Period"); (ii) approving Movant's selection of Berger Montague PC ("Berger Montague") and Goldman, Scarlato, & Penny, P.C. ("Goldman Scarlato") as Co-Lead Counsel and Kirby McInerney LLP ("Kirby McInerney") as Local Counsel for the Class; and (iii) granting such other and further relief as the Court may deem just and proper.

## PRELIMINARY STATEMENT

Movant respectfully submits that he should be appointed Lead Plaintiff on behalf of all investors who acquired the ADSs of Gaotu contemporaneously with Defendants' unlawful trades during the Class Period and who were damaged thereby (the "Class").[1] The above-captioned Action alleges violations of Sections 10(b), 20A, and 20(a) of the Exchange Act against Goldman Sachs Group, Inc. ("Goldman Sachs") and Morgan Stanley (collectively, the "Defendants").

The PSLRA requires that the Court appoint the "most adequate plaintiff" to serve as Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(i). In that regard, the Court must determine which movant has the "largest financial interest" in the relief sought by the Class and whether such movant has made a *prima facie* showing that the movant is a typical and adequate Class representative under

---

[1] A copy of Movant's Certification pursuant to the PSLRA is attached as Exhibit ("Ex.") A to the Declaration of Ira M. Press ("Press Decl."), submitted concurrently herewith.

1

Federal Rule of Civil Procedure 23 ("Rule 23"). *See* 15 U.S.C. § 78u- 4(a)(3)(B)(iii)(I).

For the reasons stated herein, Movant respectfully submits that he is the "most adequate plaintiff" under the PSLRA and should be appointed Lead Plaintiff. On his Class Period transactions in Gaotu ADSs, Movant incurred losses of $116,541 on both a last-in-first-out ("LIFO") basis and a first-in-first-out ("FIFO") basis. Movant has the largest known loss of any other movant and a substantial financial interest in recovering losses attributable to Defendants' violations of federal securities laws.

Further, Movant satisfies the typicality and adequacy requirements of Rule 23 in that (i) Movant's claims arise from the same course of events as those of the other Class members, (ii) Movant relies on similar legal theories to prove Defendants' liability, and (iii) Movant has retained experienced counsel and is committed to vigorously prosecuting the claims.

Finally, pursuant to the PSLRA, Movant respectfully requests that the Court approve his selection of Berger Montague and Goldman Scarlato as Co-Lead Counsel, and Kirby McInerney as Local Counsel for the Class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v) ("[T]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class"). Both proposed Co-Lead Counsel and proposed Local Counsel have decades worth of experience representing investors in shareholder litigation and securities class actions and have the expertise and resources necessary to handle this complex litigation.

Accordingly, Movant respectfully requests that the Court appoint him as Lead Plaintiff for the Class and approve his selection of Co-Lead Counsel and Local Counsel.

## FACTUAL BACKGROUND

Gaotu, formerly known as GSX Techedu Inc., is a leading online discount retailer for brands in China. Goldman Sachs and Morgan Stanley are global financial services institutions that

2

served as prime brokers for Archegos Capital Management ("Archegos"), a family office with $10 billion under management. Both Goldman Sachs and Morgan Stanley helped Archegos make trades and lent it capital in the form of margin lending.

According to the complaint, Defendants Goldman Sachs and Morgan Stanley were able to sell large amounts of Gaotu securities during the Class Period while in possession of material, nonpublic information regarding Archegos. Defendants allegedly unloaded large block trades consisting of shares of Archegos' doomed bets, including billions worth of Gaotu securities, late Thursday, March 25, 2021, before it was publicly known that Archegos would not meet its lenders' margin calls. This selloff sent Gaotu's ADSs into a tailspin: investors in Gaotu suffered enormous losses, while Defendants' sales allowed them to avoid billions of dollars in losses.

Thus, Defendants knew, or were reckless in not knowing, that they were prohibited from trading based on this confidential market-moving information, but traded anyway, selling their Gaotu securities before the news about Archegos was made public. Accordingly, the complaint charges Goldman Sachs and Morgan Stanley with violations of §§ 20A, 10(b), and 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78t-1, 78j(b), and 78t(a), and SEC Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5.

## ARGUMENT

### I.     MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

Movant respectfully submits that he should be appointed Lead Plaintiff because he filed the instant Motion in a timely manner, has a substantial – if not the largest – financial interest in this litigation, and satisfies the typicality and adequacy requirements of Rule 23.

#### A.     The PSLRA Standard for Appointing Lead Plaintiff

The PSLRA provides a straightforward, sequential procedure for selecting a Lead Plaintiff

for "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." *See* 15 U.S.C. § 78u-4(a)(1); *see also* 15 U.S.C. § 78u-4(a)(3)(B) (setting forth procedure for selecting lead plaintiff). First, Section 21D(a)(3)(A)(i) of the Exchange Act, as amended by the PSLRA, specifies that:

> Not later than 20 days after the date on which the complaint is filed, the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class –
>
> (I)     of the pendency of the action, the claims asserted therein, and the purported class period; and
>
> (II)    that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.

15 U.S.C. § 78u-4(a)(3)(A)(i).

Next, pursuant to the PSLRA, a court is to consider any motion made by class members to serve as Lead Plaintiff and appoint the "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(i). In adjudicating a lead plaintiff motion, a court should adopt a presumption that the "most adequate plaintiff" is the person or group of persons who: (i) filed a complaint or timely filed a motion to serve as Lead Plaintiff; (ii) has the largest financial interest in the relief sought by the class; and (iii) who otherwise satisfies the requirements of Rule 23. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). This presumption may be rebutted only by "proof" that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *see also Micholle v. Ophthotech Corp.*, No. 17-CV-210 (VSB), 2018 WL 1307285, at *4 (S.D.N.Y. Mar. 13, 2018); *Martingano v. Am. Int'l Grp., Inc.*, No. 06-CV-1625(JG) (JMA), 2006 WL 1912724, at *3 (E.D.N.Y. July 11, 2006). Under the criteria established by the

PSLRA, Movant is the most adequate plaintiff and should be appointed Lead Plaintiff.

### B.     Movant Is The "Most Adequate Plaintiff"

#### 1.     Movant's Motion Is Timely

Movant has timely filed this Motion to serve as Lead Plaintiff. Pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), the plaintiff in the above-captioned action caused notice regarding the pending nature of this case to be published on *Globe Newswire,* a widely circulated, business-oriented news wire service, on October 20, 2021. *See* Notice, Press Decl., Ex. B. Thus, pursuant to the PSLRA, any person who is a member of the proposed Class may apply to be appointed Lead Plaintiff within sixty days after publication of the notice, *i.e.*, on or before December 20, 2021. Movant filed this Motion seeking appointment as Lead Plaintiff within this deadline and thus has satisfied the procedural requirements of the PSLRA.

#### 2.     Movant Has A Substantial Financial Interest

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii); *see also Kemp v. Universal Am. Fin. Corp.*, No. 05-CV-9883 (JFK), 2006 WL 1190691, at *2 (S.D.N.Y. May 1, 2006).

Movant has incurred substantial losses of $116,541 on a LIFO and FIFO basis on his Class Period transactions in Gaotu securities. *See* Loss Analysis, Press Decl., Ex. C; *see also Waterford Twp. Police & Fire Ret. Sys. v. Smithtown Bancorp, Inc.*, No. 10-CV-01405 (SLT)(RER), 2011 WL 3511057, at *4 (E.D.N.Y. May 31, 2011) (finding the movant with the largest financial interest to be the presumptive "most adequate plaintiff"). Accordingly, Movant has a substantial financial interest in the outcome of the litigation and is presumptively the "most adequate plaintiff." *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii); *Randall v. Fifth St. Fin. Corp.*, No. 15-CV-7759 (LAK), 2016 WL

462479, at *1 (S.D.N.Y. Feb. 1, 2016) (same).

### 3.     Movant Satisfies Rule 23's Typicality and Adequacy Requirements

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisf[y] the requirements of Federal Rule of Civil Procedure 23." *See Tan v. NIO, Inc.*, No. 19-CV-1424 (NGG)(VMS), 2020 WL 1031489, at *2-3 (E.D.N.Y. Mar. 3, 2020); *see also In re Third Ave. Mgmt. LLC Sec. Litig.*, No. 16-CV-02758 (PKC), 2016 WL 2986235, at *1 (S.D.N.Y. May 13, 2016). At the Lead Plaintiff selection stage, all that is required to satisfy Rule 23 is a preliminary showing that the Lead Plaintiff's claims are typical and adequate. *See Kux-Kardos v. VimpelCom, Ltd.*, 151 F. Supp. 3d 471, 477 (S.D.N.Y. 2016). Here, Movant satisfies both requirements.

#### a.     Movant's Claims Are Typical of Those of the Class

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice, or course of conduct that gives rise to other class members' claims, and plaintiff's claims are based on the same legal theory. *See Faig v. Bioscrip, Inc.*, No. 13-CV-06922 (AJN), 2013 WL 6705045, at *3 (S.D.N.Y. Dec. 19, 2013). Rule 23 does not require the lead plaintiff to be identically situated with all class members. *See id.*

Movant's claims are typical of the claims asserted by the proposed Class. Like all members of the Class, Movant alleges that, in violation of the federal securities laws, Defendants traded on nonpublic material information – namely, the fact that Archegos would be unable to meet its lenders' margin requirements – and saved themselves billions of dollars to the detriment of Movant and other investors in Gaotu securities. Because Movant's claims arise from the same course of events as the claims of all other Class members, the typicality requirement is satisfied. *See Micholle*, 2018 WL 1307285, at *6.

### b. Movant Satisfies the Adequacy Requirement of Rule 23

In addition, Movant satisfies the adequacy requirement of Rule 23. The adequacy of representation requirement of Rule 23(a)(4) is satisfied when a representative party establishes that it "will fairly and adequately protect the interests of the class."

Courts in this District assess a movant's adequacy based on the following: "(1) the size, available resources and experience of the proposed Lead Plaintiff; (2) the qualifications of the proposed class counsel; and (3) any potential conflicts or antagonisms rising among purported class members." *In re Elan Corp. Sec. Litig.*, No. 08-CV-08761(AKH), 2009 WL 1321167, at *2 (S.D.N.Y. May 11, 2009) (quoting *In re Bear Stearns Cos., Inc. Sec., Deriv., & ERISA Litig.*, No. 08 MDL 1963 (RWS), 2009 WL 50132, at *8 (S.D.N.Y. Jan. 5, 2009)).

Here, Movant will fairly and adequately represent the interests of the proposed Class. Movant has resources and motivation sufficient to pursue the above-captioned action to a successful conclusion. Moreover, Movant is committed to pursuing the best recovery possible for himself and all other Class members. Movant incurred substantial losses and thus is highly motivated to maximize any recovery. Movant also has selected and retained experienced counsel, Berger Montague and Goldman Scarlato, who have an extensive record of prosecuting securities class actions vigorously and efficiently. *See* Section II, *infra*. Movant has timely submitted his choice to the Court for approval, in accordance with the PSLRA. *See* 15 U.S.C. §§ 78u-4(a)(3)(A)(i)(II) & (B)(v).

Furthermore, no antagonism exists between Movant's interests and those of the absent Class members. Rather, they are aligned. Like all other Class members, Movant suffered substantial losses due to Defendants' alleged misconduct and, therefore, has a sufficient and identical interest in the outcome of this case to ensure vigorous prosecution of the litigation for the

benefit of all Class members.

Finally, there is no evidence to suggest that Movant is "subject to unique defenses that render such plaintiff incapable of representing the class," because no such evidence exists. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). Accordingly, Movant satisfies the adequacy requirement.

Thus, Movant clearly satisfies the requirements of the PSLRA for lead plaintiff appointment and should be appointed Lead Plaintiff on behalf of the putative Class of damaged Gaotu investors here.

## II.  MOVANT'S SELECTION OF LEAD COUNSEL MERITS APPROVAL

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *In re Cendant Corp. Litig.*, 264 F.3d 201, 276 (3d Cir. 2001) (stating that "the [PSLRA] evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention"). Consistent with Congressional intent, a court should not disturb the Lead Plaintiff's choice of counsel, unless it is "necessary to protect the interests of the plaintiff class." H.R. Conf. Rep. No. 104-369, at 35 (1995), *as reprinted in* 1995 U.S.C.C.A.N. 730, 734.

Here, Movant has selected the law firms of Berger Montague and Goldman Scarlato to represent the Class. Berger Montague has a long record of success in securities litigation and has achieved many of the largest securities recoveries since Congress enacted the PSLRA. The firm advises clients on litigation and recovery options in securities proceedings throughout the United States and internationally. Berger Montague has served as lead or co-lead counsel in numerous other major securities class action cases, both within this District and beyond, where substantial settlements were achieved on behalf of investors, including the following, without limitation: *In re Merrill Lynch Securities Litigation* (S.D.N.Y.) (recovery of $475 million); *In re Sotheby's*

*Holding, Inc. Securities Litigation* (S.D.N.Y.) (a $70 million settlement, of which $30 million was contributed, personally, by an individual defendant); *In re KLA Tencor Securities Litigation* (N.D. Cal.) (settlement of $65 million); *In re CIGNA Corp. Securities Litigation* (E.D. Pa.) (settlement of $93 million); and *In re Rite Aid Corp. Securities Litigation* (E.D. Pa.) (settlements totaling $334 million).

Movant has also selected the firm of Goldman Scarlato to serve as Co-Lead Counsel. Goldman Scarlato's lawyers have decades of combined experience prosecuting securities fraud class actions on behalf of investors. Of note, Goldman Scarlato served as co-lead counsel in *Kaufman v. Motorola, Inc.,* (N.D.IL), a securities fraud class action that settled just weeks before trial; *Seidman v. American Mobile Systems, Inc.,* (E.D. Pa.), a securities fraud class action that resulted in a settlement for the plaintiff class again on the eve of trial; and in *In re: Corel Corporation Securities Litigation* (E.D. Pa.). Goldman Scarlato's lawyers also played prominent roles in cases such as *In re Broadcom Securities Litigation* (settlement of $150 million), *AOL Time Warner Securities Litigation*, (settlement of over $2.5 billion for investors), *In re Mercury Interactive Securities Litigation* ($117.5 million settlement), *In re SafeNet, Inc. Securities Litigation* ($25 million settlement), *Ramsey v. MRV Communications et al.* ($10 million settlement), and *In re Semtech Securities Litigation* ($20 million settlement).

In addition, Movant has selected the law firm of Kirby McInerney to serve as Local Counsel. Kirby McInerney has over seventy years of experience representing investors in connection with securities litigation. The firm's efforts on behalf of shareholders in securities litigation have resulted in recoveries totaling billions of dollars.[2]

In light of the foregoing, by approving Movant's selection of Berger Montague and

---

[2] The firm biographies of Berger Montague, Goldman Scarlato, and Kirby McInerney are available upon request.

9

Goldman Scarlato as Co-Lead Counsel and Kirby McInerney as Local Counsel for the Class, the Court can be assured that the Class will receive the highest quality representation. Thus, the Court should approve this selection.

## CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court grant his Motion and enter an Order of the following: (i) appointing Movant Syed Zaheer as Lead Plaintiff; (ii) approving Movant's selection of Berger Montague and Goldman Scarlato as Co-Lead Counsel and Kirby McInerney as Local Counsel for the Class; and (iii) granting such other and further relief as the Court may deem just and proper.

Dated: December 20, 2021              Respectfully submitted,

                                                      KIRBY McINERNEY LLP

/s/ Ira M. Press
Ira M. Press
250 Park Avenue, Suite 820
New York, York 10177
Telephone: (212) 371-6600
Email: ipress@kmllp.com

*Local Counsel for Lead Plaintiff Movant Syed Zaheer and Proposed Local Counsel for the Class*

Michael Dell'Angelo
BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Tel: (215) 875-3000
Email: mdellangelo@bm.net

Alan L. Rosca (*pro hac vice to be submitted*)
GOLDMAN, SCARLATO, & PENNY, P.C.
23250 Chagrin Blvd., Suite 100
Beachwood, OH 44122
Telephone: 216-570-0097
Email: rosca@lawgsp.com

*Counsel for Lead Plaintiff Movant Syed Zaheer and Proposed Co-Lead Counsel for the Class*

## CERTIFICATE OF SERVICE

I hereby certify that on December 20, 2021, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

/s/ Ira M. Press_____
Ira M. Press