UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRAVIS FLORIO, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>GOLDMAN SACHS GROUP INC. and MORGAN STANLEY,<br><br>Defendants. | Case No. 1:21-cv-08618-PAC |

**SAJED HANIF'S MEMORANDUM OF LAW**
**<u>IN OPPOSITION TO COMPETING LEAD PLAINTIFF MOTIONS</u>**

Lead Plaintiff movant Sajed Hanif ("Hanif") respectfully submits this memorandum of law in opposition to the competing motions for lead plaintiff filed by: Syed Zaheer ("Zaheer") (ECF No. 22); Yichuan Zheng, Peter Jiang, and Chun Kian Lim (the "Gaotu Investor Group") (ECF No. 16); and Nigel Khakoo ("Khakoo") (ECF No. 19).  Khakoo and the Gaotu Investor Group have filed notices of non-opposition to the competing motions (ECF Nos. 28-29).[1]

Presently before the Court are two competing motions for appointment as lead plaintiff and approval of lead counsel.  Under the PSLRA, the movant with the largest financial interest in the case, and which is otherwise typical and adequate under Rule 23, is presumed to be the "most appropriate plaintiff" to be appointed lead plaintiff.  Of the movants, Hanif has the second largest financial interest, $53,951.  *See* ECF No. 27-4 (loss chart).  The movant with the largest financial interest, Syed Zaheer, has not presented sufficient identifying information for other Class members to evaluate his adequacy to serve as lead plaintiff or for the Court to find him preliminarily adequate.  For this reason, and because Hanif satisfies the Rule 23 inquiry, Hanif should be appointed lead plaintiff.

As reflected in the following chart of losses presented by the remaining movants, Hanif has the largest financial interest in this case after Zaheer:

| Remaining Movant | Approximate Loss |
|---|---|
| Zaheer | $ 116,541 |
| Hanif | $ 53,951 |

*See* ECF Nos. 24-3 (Zaheer); 27-4 (Hanif).

After examining the financial interest of all movants, the next step in determining the most appropriate lead plaintiff is to query whether the movant with the largest interest also satisfies the

---

[1] Unless otherwise defined, all capitalized terms herein shall maintain the same meanings as those set forth in Hanif's memorandum in support of his motion (ECF Nos. 25-26).

requirements of Rule 23 of the Federal Rules of Civil Procedure, including whether the movant is "adequate."  Courts generally "fulfill a 'gatekeeping function' in class action litigation" and also have "some discretion" in that gatekeeper role, particularly in securities class actions.  *Schaffer v. Horizon Pharma Plc*, No. 16-CV-1763 (JMF), 2016 WL 3566238, at *1 (S.D.N.Y. June 27, 2016); *see also In re Baan Co. Sec. Litig.*, 186 F.R.D. 214, 215 (D.D.C. 1999) ("Congress envisioned that courts [ ] would play an independent, gatekeeping role to implement the PSLRA.").  In order to play this important gatekeeping role, courts should insist that enough information is provided by lead plaintiff movants such that other class members, as well as the Court, can assess their adequacy.

"Although it generally suffices for a lead plaintiff movant to make a prima facie showing of adequacy, to do so a movant must supply some information about its ability to perform the role of lead plaintiff diligently and effectively."  *In re Boeing Co. Aircraft Sec. Litig.*, No. 19 CV 2394, 2019 WL 6052399, at *5 (N.D. Ill. Nov. 15, 2019), *reconsideration denied*, No. 19-cv-02394, 2020 WL 476658 (N.D. Ill. Jan. 28, 2020) (emphasis in original) (denying lead plaintiff motion of movant with largest financial loss because there was "virtually no basis to assess their adequacy to lead and direct litigation"); *see also Camp v. Qualcomm Inc.*, No. 18-cv-1208, 2019 WL 277360, *3 (S.D. Cal. Jan. 22, 2019) (declining to appoint individual with largest financial interest as lead plaintiff in light of his failure "to include any basic details about himself").  "Accordingly, most movants—and particularly individual investors—embrace the opportunity to advise the Court about their financial sophistication, experience, and ability to effectively manage and direct the activities of class counsel."  *Boeing*, 2019 WL 6052399, at *5.

Zaheer has not provided sufficient detail about himself to allow the Court or competing lead plaintiff movants to assess adequacy.  On the contrary, and in contrast to movant Hanif,

Zaheer has provided no personal details concerning his background and sophistication. He did not even provide information regarding where he signed his Certification, one fact that is nearly always provided in lead plaintiff applications made under the federal securities laws (including in *Boeing*). In addition, Zaheer's name is quite common. Research results in hits regarding a number of different people by that name, including one who pled guilty to conspiracy to commit wire fraud. *See U.S. v. Baig - Syed Zaheer*, No. 3:95-cr-00037-2 (D. Conn.), ECF Nos. 73 (Judgment dated February 19, 2003) and 84 (Order dated April 26, 2007, denying motion to vacate judgment and noting Zaheer "pled guilty to [a] wire fraud charge" and was sentenced to "twenty-four months in prison followed by three years of supervised release").

Zaheer simply did not provide any information by which the other lead plaintiff movants, other members of the Class, or another interested parties would be able to identify him from other people with his name, and therefore, he has not made it possible for the other movants to perform proper due diligence on him. Under the circumstances, the lack of detail in Zaheer's application is disqualifying. *See Gross v. AT&T Inc.*, 19-CV-2892 (VEC), 2019 WL 7759222, at *2 (S.D.N.Y. June 24, 2019); *Boeing*, 2019 WL 6052399, at *5; *Camp*, 2019 WL 277360, at *3; *Haideri v. Jumei Int'l Holding Ltd.*, No. 20-cv-02751, 2020 WL 5291872, at *5 (N.D. Cal. Sept. 4, 2020).

Due to Zaheer's failure to establish his adequacy to serve as a lead plaintiff in this case, and because Hanif has the second largest financial loss of any of the lead plaintiff movants, and Hanif successfully established his adequacy, Hanif respectfully requests that the Court grant his Motion and enter an Order: (1) appointing Hanif as Lead Plaintiff; (2) approving his selection of Scott+Scott and Hedin Hall as Co-Lead Counsel for the Class; and (3) granting such other relief as the Court may deem just and proper.

DATED:  January 3, 2022                              **SCOTT+SCOTT ATTORNEYS AT LAW LLP**

                                                                              *s/ Thomas L. Laughlin, IV*

3

Thomas L. Laughlin, IV
Rhiana L. Swartz
Jonathan M. Zimmerman (*pro hac vice* forthcoming)
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY  10169
Telephone: 212-223-6444
Facsimile:  212-223-6334
tlaughlin@scott-scott.com
rswartz@scott-scott.com
jzimmerman@scott-scott.com

**HEDIN HALL LLP**
David W. Hall (*pro hac vice* forthcoming)
Armen Zohrabian (*pro hac vice* forthcoming)
Arun Ravindran (*pro hac vice* forthcoming)
Four Embarcadero Center, Suite 1400
San Francisco, CA  94104
Telephone: 415-766-3534
Facsimile:  415-402-0058
dhall@hedinhall.com
azohrabian@hedinhall.com
aravindran@hedinhall.com

*Counsel for Proposed Lead Plaintiff Sajed Hanif and Proposed Co-Lead Counsel for the Class*

**THE SCHALL LAW FIRM**
Brian J. Schall
1880 Century Park E, Suite 404
Los Angeles, CA 90067-1604
Telephone: 310-301-3335
Facsimile:  310-388-0192
brian@schallfirm.com

*Additional Counsel for Sajed Hanif*

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 3, 2022, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List.

*s/ Thomas L. Laughlin, IV*
Thomas L. Laughlin, IV
